FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 18 AM 8: 33
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTONIO S. HOLT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 112-106 |
| | ) (Formerly PO 112-061) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a "Motion to Vacate and Set Aside Conviction" on July 30, 2012. (Doc. no. 1.) On September 4, 2012, Respondent submitted its response to the motion. (Doc. no. 4.) For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that this civil action be **CLOSED**.

### I. BACKGROUND

On February 9, 2012, Petitioner was charged in a single-count information with assault by striking, beating, and wounding his spouse, in violation of 18 U.S.C. § 113(a)(4). United States v. Holt, PO 112-061, doc. no. 1. (S.D. Ga. Mar. 8, 2012) (hereinafter "PO 112-061"). On March 7, 2012, Petitioner appeared before the Court for his initial appearance, arraignment, change of plea, and sentencing. Id., doc. no. 7. Petitioner, represented by appointed counsel Mukti Patel, pleaded guilty to the charge as provided in the information. Id., doc. no. 16, p. 4. The Court proceeded to note that Petitioner was about to be deployed to Afghanistan, and thus could not serve a sentence of probation. Id. at 4-5. After a brief discussion between the parties, the Court imposed a fine of $500.00 payable immediately and no sentence of probation. Id. at 5-6; PO 112-061, doc. no. 8.

Petitioner did not appeal the conviction, but he filed the instant motion through retained counsel on July 30, 2012. (Doc. no. 1.) In the motion, Petitioner asserts nine grounds for relief, including in relevant part that his counsel was ineffective for failing to disclose to Petitioner that a conviction for a family violence offense would lead to his discharge from the military.[1] (Id. at 3.) Specifically, Petitioner alleges that, as of the time of his filing, he was being discharged from the military based on his assault conviction because, under the Lautenberg Amendment,[2] it is a felony for those convicted of misdemeanor crimes of domestic violence to ship, transport, possess or receive firearms or ammunition. (Id. at 2.) Petitioner maintains that "he had several valid defenses to the charge and allegations and that he was wrongfully induced to plead guilty based upon the misrepresentations of his trial counsel." (Id. at 2.)

The Court directed Respondent to file its response to Petitioner's motion (doc. no. 2), and on September 4, 2012, Respondent did so (doc. no. 4). Respondent concedes that Petitioner is entitled to have his conviction vacated based on the ineffective assistance of counsel ground discussed above.

## II. DISCUSSION

As explained in a simultaneously issued Order in the criminal case, PO 112-061,

---

[1] Respondent concedes that Petitioner is entitled to relief on this ground, but no others. (Doc. no. 4, p. 4.) Petitioner's other eight grounds are as follows: (1) ineffective assistance of counsel, for failure to meet with or contact Petitioner before the March 7, 2012 hearing; (2) ineffective assistance of counsel, for failure to provide discovery and evidence to Petitioner or review either with him; (3) fraudulent inducement of Petitioner into pleading guilty by the Special Assistant United States Attorney; (4) failure to provide Petitioner due process; (5) failure to formally charge Petitioner before allowing him to plead guilty; (6) failure to afford Petitioner equal protection under the laws and Constitution of the United States; (7) that Petitioner's conviction is contrary to law; and, (8) that Petitioner's conviction is strongly against the weight of the evidence. (Doc. no. 1, pp. 3-4.)

[2] As Respondent notes, Petitioner is referring to 18 U.S.C. § 922(g), which provides, "It shall be unlawful for any person – (9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Id.

2

although Petitioner titles his filing as a "Motion to Vacate and Set Aside Conviction," (doc. no. 13, p. 1), and it was docketed as a motion under 28 U.S.C. § 2255, he is ineligible for relief under § 2255. Petitioner has never been in federal custody, having only paid a fine, meaning that he may not properly move this Court to vacate or set aside his conviction pursuant to § 2255. See 28 U.S.C. § 2255(a) (limiting relief to "prisoner[s] in custody"). Rather, as Respondent suggests, Petitioner's filing is properly construed as a petition for a writ of error coram nobis. See United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (*per curiam*) ("A writ of error coram nobis is a remedy available to vacate a conviction when the Petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.")

Under Federal Rule of Procedure 60(e), however, writs of coram nobis have been abolished in the civil context. Fed. R. Civ. P. 60(e). Indeed, a writ of error coram nobis is a "step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding." United States v. Morgan, 346 U.S. 502, 505, n. 4 (1954). Accordingly, the Court recommends closing the civil case.[3]

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]In a simultaneously issued Order, the Court vacates the conviction in the criminal case, PO 112-061.

3